[No. 3,439.]

## THE PEOPLE *v.* W. B. EARNEST.

GRAND JURY MUST BE SUMMONED AS SUCH.—An indictment found by a jury which was summoned as a trial jury and impaneled as a Grand Jury is illegal.

APPEAL from the County Court of Butte County.

The facts are stated in the opinion.

*P. O. Hundley,* for Appellant.

*The Attorney General,* for Respondent.

By the COURT:

The statute (Hitt., Secs. 3918, 3919) requires that a copy of the order of the. Court for the summoning of a Grand Jury should be delivered to the Sheriff and that it shall be the duty of that officer to summon the Grand Jury "upon the receipt of the order," etc. In this case the only order delivered to the Sheriff was an order to summon twenty-four

persons to serve as *trial* jurors.  This *trial* jury was subsequently impaneled by the Court as a *Grand* Jury and found the indictment upon which the prisoner was convicted, and his motion to set aside the indictment, duly made on that ground, was denied.  Had a subpœna been issued to summon twenty-four witnesses in the case there would have been just as much authority in the Court to impanel them as a Grand Jury as to impanel this trial jury as a Grand Jury.

Judgment reversed and cause remanded, with directions to set aside the indictment and for such further proceedings as may be proper.